**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0332-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUDSON PORTER,

    Defendant-Appellant.

_____

Submitted March 26, 2025 – Decided May 21, 2025

Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-05-1155.

Jennifer N. Sellitti, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Judson Porter appeals from the September 29, 2023 order denying his petition for post-conviction relief (PCR) based on ineffective assistance of counsel, after an evidentiary hearing. In a cogent written decision accompanying the order, Judge John Zunic considered the testimony of defendant, his trial counsel and other witnesses, made detailed credibility findings, and thoroughly analyzed the issues raised in view of the governing law. We affirm.

Late at night in January 2017, defendant approached the driver's side of a parked vehicle, pointed a silver handgun at the driver, and ordered her and the passenger out of the vehicle. Defendant searched the driver's and passenger's pockets and, finding nothing, drove away in the vehicle, which was subsequently located less than two miles away.

The driver immediately called the police and described to them the perpetrator's appearance and clothing. Responding officers in the area observed defendant, whose appearance was consistent with the driver's description of the perpetrator, and called him to their car. Defendant fled and, during the ensuing chase, reached into his waist area and dropped a silver and black handgun. Officers caught defendant and placed him under arrest.

2

Upon searching defendant incident to his arrest, officers discovered the driver's keys and cell phone, which she had left in the vehicle. The driver identified defendant's clothing and handgun as being similar to the perpetrator's.

In December 2017, a jury convicted defendant of first-degree carjacking, N.J.S.A. 2C:15-2(a)(2); two counts of first-degree robbery, N.J.S.A. 2C:15-1; third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5)(a); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); fourth-degree possession of a defaced weapon, N.J.S.A. 2C:39-3(d); third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a); fourth-degree obstruction of the administration of law, N.J.S.A. 2C:29-1; and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2).

Defendant was sentenced to an aggregate twenty-two-year prison term with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed the convictions and sentence but remanded for entry of an amended judgment of conviction merging the robbery count with the carjacking count. State v. Porter, No. A-4134-17 (App. Div. Feb. 28, 2020) (slip op. at 3).

3

On appeal, defendant largely reprises the same arguments raised in his petition for PCR:

> BECAUSE [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.
>
> (A) Legal Standards Governing Applications For [PCR].
>
> (B) Defense Counsel was Ineffective In Advising [Defendant] Not to Testify at Trial.
>
> (C) Defense Counsel was Ineffective for Failing to Proffer [Wahid] Smith as a Witness at Trial.
>
> (D) Defense Counsel was Ineffective for Failing to Object to Jurors Sleeping During the Trial.
>
> (E) Defendant was Denied the Effective Assistance of Appellate Counsel.
>
> (F) Cumulative Errors by Counsel Amounted to Ineffective Assistance of Counsel.

To obtain relief based on ineffective assistance grounds, a defendant must show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced the right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

4

We have considered defendant's arguments in light of the applicable law and conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). Defendant's arguments were all considered, analyzed and rejected by Judge Zunic based on the evidence adduced during the PCR hearing. We agree with the rulings made by the judge because his factual and credibility findings were supported by substantial credible evidence and his legal conclusions, which were based on well-established law, were correct. Accordingly, we affirm substantially for the reasons set forth by Judge Zunic in his well-reasoned written decision, adding the following remarks.

The PCR judge denied defendant's claims of ineffective assistance based on counsel's advising him not to testify at trial. The trial transcript memorialized the court's colloquy wherein defendant acknowledged that after he and counsel discussed his right to testify and the risks associated with that option, he decided not to testify. The PCR judge found trial counsel's reasoned advice regarding trial strategy did not fall outside the wide range of professionally competent assistance.

The PCR judge also rejected defendant's contention trial counsel deprived him of his right to present a defense by failing to call Wahid Smith as a witness. Trial counsel's credible testimony during the PCR hearing established defendant

A-0332-23

never identified Smith as a witness at any point during her representation of defendant. Smith's certification in support of defendant's petition was wholly lacking in detail, and Smith failed to comply with defendant's subpoena to appear at the PCR hearing. Thus, defendant did not establish trial counsel's representation was constitutionally deficient or that Smith's statement would have affected the outcome of the trial.

The PCR judge also rejected defendant's claim of ineffective assistance based on trial counsel's failure to object to jurors who were sleeping during trial. Having considered trial counsel's credible testimony that she did not observe any sleeping jurors, the judge determined this assertion was unfounded.

Having failed to establish either prong of Strickland for any of his contentions, defendant's claim of ineffective assistance of appellate counsel also is unpersuasive. And because we agree with the PCR judge's determination that defendant failed to demonstrate any errors by his trial counsel, we discern no cumulative effect denying defendant's right to a fair trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

6